## Pickett's Executors, Appellants, *v.* Ford.

Where the replication was in these words : " issue to second plea," it held that the defect was cured after verdict, by the statute of Jeofails. It should have been taken advantage of by demurrer.

A *remittitur* may be entered by counsel.

It is a familiar rule of practice, that it is error to permit a deposition to be read in evidence, which has been taken without notice to the adverse party. Proof of notice must appear in the record ; or its absence will be a sufficient ground for a new trial.

In an action on a warranty of the title of slaves, who have been recovered of the vendee under an outstanding title, the record of the judgment of such recovery, is conclusive evidence against the vendor to show the fact of such recovery, and the *quantum* of damages.

Notice of the pendency of an action to one who is privy in interest, or bound to indemnify, will make the judgment evidence against him. It was held sufficient, that the party was in court during the trial.

It seems, that proof that the executors of an estate, within eighteen months after notice given for the presentation of claims against the estate, had been heard to speak of a particular claim, would afford presumption, that they had received notice ; but it should appear that the declarations were made within the eighteen months, or they would not afford a ground to presume that notice was given, so as to prevent the statutary bar.

A claim growing out of a warranty, broken before the death of the testator, is subject to the operation of the statute, requiring claims to be presented within eighteen months after notice.

Judgment for the recovery of negroes, under an outstanding title, is a disturbance of the vendee, holding them by bill of sale and warranty of title.

APPEAL from the circuit court for the county of Franklin.

Grayson and Marsh for the appellants.

Webber, *contra*.

The opinion of the court by Mr. Chief Justice SHARKEY, sufficiently states the facts upon which the cause was determined.

Ford instituted this suit in the circuit court of Franklin county against the appellants, as executors of William Pickett. The ac-

[Pickett's Executors, Appellants, v. Ford.]

tion was founded on the warranty in a bill of sale, not under seal, for several negroes, sold by William Pickett, in his life time, to Ford. The sale was made in 1814. The defendants below put in three pleas.' 1. The general issue. 2. That the claim was not presented to them within eighteen months after notice given for creditors to present their claims as the statute requires, and 3. The statute of limitations generally. Some of the points arise out of the pleading, and will be noticed in their order. The negroes, it seems, were recovered of Ford in 1826, under an outstanding title by Thomas K. Pickett, as administrator of Charles Pickett's estate. The record of recovery is set out in the bill of exceptions, as is also several other instruments and some parol testimony that was given at the trial. Ford obtained a verdict, and a motion was made for a new trial, which was overruled, and this appeal taken. The several points raised in argument, can be best disposed of by taking them as they are set out in the assignment of errors.

1. The first assignment is, " because there was no issue in fact taken on the second plea, after the demurrer was overruled." It is a matter of some doubt, from the imperfect state of the pleadings, whether this is true in point of fact. At the bottom of, or following the plea, are these words: " Issue to 2d plea," with the names of the plaintiff's counsel opposite. When these very comprehensive words were put there, does not appear; nor could we very well determine what kind of an issue was intended, if it were not for the assistance given to conjecture by the subsequent part of the record. There was a demurrer to this plea, filed at the same time the plea was, by which it would appear altogether probable that the issue intended was on the facts in the plea. The demurrer was held under advisement and overruled at the succeeding term, with leave to the plaintiff to reply, and it is most likely that the issue above mentioned was then put in. This short method of pleading is sometimes resorted to, to save labor, but it is productive of no good result, and may create much confusion and even injury. It was certainly a bad replication, but it must have been a part of the pleadings at the time of trial, and the defendant should have demurred, and not having done so, it must

receive protection under the broad mantle of our statute of Jeo-
fails. If we consider it as a replication, this assignment is not
sustained by the record.

2. The next error assigned is, " because the third plea *is* a com-
plete bar to the action, no issue having been joined, and that de-
fendants were entitled to judgment thereon." This assignment is
not true. The third plea *is* the statute of limitations generally,
and to it there is a replication.

3. The third error is that the jury found greater damages than
were laid in the declaration, and no remittitur was entered by the
plaintiff below, or his attorney in fact. A remittitur was en-
tered for the excess, or a memorandum made on the record to that
effect, by the plaintiff's counsel. The question intended to be
embraced in this, we presume, is that the remittitur should have
been entered by the party in person or by attorney in fact, but it
is equally good if done by counsel. 2 Peters' Reports, 329.

4. The fourth error assigned is, that " the court erred in *refusing*
a new trial." All the subsequent errors assigned may come to
notice under this, as forming more properly reasons in support of
it. It has been said in argument for the defendant, that we can-
not notice the evidence given on the trial to which no objection
was interposed at the time. Such is the rule of decision in New
Jersey, and perhaps other states, and to a certain extent was adopt-
ed by the supreme court of this state in the case of Carraway *v.*
McNiece, but the act of 1830 authorises a party on a motion for
a new trial, to embody the evidence in his bill of exceptions, in
case the court refuse the motion, and take an appeal, and to as-
sign as error in the appellate court, *the refusal to grant a new*
trial. This statute was designed to bring the merits of the motion
fairly before this court, supported by all the reasons which might
have existed in favor of it below. So far therefore as the evi-
dence appears in the bill of exceptions taken to the opinion of the
court below in overruling the motion for a new trial, it must be
received. The statute requires that the substance of all the testi-
mony given, shall be incorporated in the bill of exceptions, which
we must presume has been done. It was the right of the plain-
tiff as well as the defendant, and also the duty of the court to see

that at least the substance of all that was proved on the trial was inserted, and a question of this kind, covering all the grounds urged in support of the motion below, could never be decided properly by the appellate court, on an imperfect or garbled statement of the evidence.

The bill of exceptions begins with the evidence by setting out the bill of sale, to the admissibility of which I see no objection.

The deposition of Micajah Pickett and Sarah Pickett, citizens of Louisiana, taken on interrogations, is next set out. There is no objection to the deposition, except the want of notice to the opposite party, as the statute requires. Revised Code, 131, 116. The court erred in admitting the deposition to be read without proof of notice, and the defendant below, when it was introduced reserved all exceptions to the competency of it. If there was a notice, the plaintiff's counsel should have had it inserted, or the proof of it, in the bill of exceptions. It is more than likely that it was proven, or proof of it dispensed with on the trial, but for the reason already assigned, we cannot presume any thing to supply a deficiency in the record, when investigating the merits of a motion for a new trial. Counsel should be particularly careful that their evidence is fully presented in the bill of exceptions. This reason alone would be sufficient to entitle the party to a new trial, but there are several other points in the testimony which it may be proper to notice.

The judgment in *detinue* against Furman Ford, is the next point in the evidence, and being a main ground on which the plaintiff relied, it merits attention. It was evidence conclusive under any circumstances for certain purposes. For instance, to show the fact of a recovery, and the quantum of damages; but it might or might not be proper evidence to prove the truth of the matter, on which it was founded, to wit: the title of the administrator of Charles Pickett. Judgments are only admissible to prove the truth of the matter adjudicated, when the parties are the same or in privity. These parties are different, and the admissibility of the judgment must therefore depend upon the privity which existed between them. A privy is said to be one who has an interest in an action or thing. The interest here is obvious, as Ford

derived his title from William Pickett, and held his warranty for its goodness, but it was also proper that he should have been apprised of the existence of the law-suit that might terminate in the defeat of his warranty, so that he might come in and protect himself by showing the goodness of his title. If Pickett had received notice, it would have brought him within the rule of law as decided in the case of Blasdale *v.* Babcock, 1 Johnson, 517, a case strikingly analogous, in which the former judgment *was held to* be evidence. The same principle is recognised in 4 Massachusetts Reports, 349, and 3 Term Reports, 374, and I think the rule may be considered as well settled, that notice of the pendency of an action to one who is privy in interest, or bound to indemnify, will make the judgment evidence against him. The object of notice is, to give the party an opportunity to protect his own interest by aiding the defence. He may then prepare himself, and come in with his information and his evidence, and show if he can that he had a right to make the warranty, and that it is a good one. But if these purposes can be answered by the voluntary appearance of the party, where is the necessity of the notice? Or, if he appears at the time of trial, is it not sufficient to justify a belief that he has done so in obedience to notice? His presence at the trial gives him all the advantages that the law presumes to be necessary, and the sole object of notice is accomplished. It was proven by a witness that Pickett was in court at the time of the trial, which I think was sufficient to justify the introduction of the judgment as evidence. He must have known that the trial against Ford was going on, and could have thrown his information and evidence in the scale for the defence. This position I think is fully supported by the decision in Barney *v.* Dewey, 13 Johnson, 224.

We are now to notice the proof arising under the second plea. The defendant has plead that the claim was not presented within eighteen months after notice to claimants to present their claims, and has proven that the notice was given as the law directs, in the proper time, and for as long as is required. This was all he could prove in support of the plea, and it devolved on the plaintiff to prove that it was presented. He proved by John King that he

had frequently heard the executors speak of the judgment against Ford, but never heard them acknowledge Ford's claim against the estate. On being questioned, the witness could not fix a date to any of the conversations he had heard.

To show that executors knew of the existence of an out-standing claim, within the eighteen months, might of itself possibly be sufficient to answer the object of the law; on this point I do not decide, but proof that they had been heard to speak of the claim within eighteen months after they had given notice, would afford a strong presumption that they had received notice, and might be proper testimony to go to a jury, but the witness does not say that any of these conversations took place within eighteen months; they might have taken place after that time, and unless they related to a time previous, would not afford a ground on which legal notice could be inferred. This is all the proof that was made on the subject of notice, and I think it was too vague and uncertain in regard to the time of the conversations. It has been said that this is a description of claim that need not be presented, as it is a warranty. To that doctrine I would readily assent, if the warranty had not been forfeited, which gave a substantial cause of action before Pickett's death; but in this case the warranty was broken, and the right of action for damages had accrued before the death of Pickett, and it was therefore such a claim as should have been presented, making the measure of damages assessed the criterion of the claim.

So far as the points arise under the first reason assigned for a a new trial, I think they have been noticed.

The next reason is, that the verdict was contrary to the charge of the court. The court charged the jury that it was necessary that the claim should have been duly presented, and that the judgment against Ford was a disturbance. The first point was noticed, and in the second I think the court was right.

In regard to the other reason, to wit, surprise, I do not think the instruments which gave rise to the surprise, even if the originals had been in court, would have been very pertinent evidence. They are wholly inconclusive to my mind on any point that arose in the case. They show no title in William Pickett to

the property in question. It is true that a part of the estate of Charles Pickett was transferred to him by some of the distributees, but not all of it, and even if it had all been transferred, I do not know that it could defeat the title of the administrator, who is a trustee for creditors as well as distributees. But for the reasons above stated, a new trial must be granted, and *venire de novo* awarded.

[*Note.*—This cause was decided in 1835.]